UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALEX JEROME WELSH,<br><br>                Plaintiff,<br><br>    v.<br><br>CHADWICK UNDIS, *et al.*,<br><br>                Defendants. | Case No. 3:23-cv-00359-MMD-CSD<br><br>ORDER |

**I.     DISCUSSION**

On December 19, 2023, this Court issued a screening order permitting some of Plaintiff's claims to proceed while dismissing other claims without prejudice. (ECF No. 6.) The Court also denied Plaintiff's motion for a temporary restraining order without prejudice because his motion was unrelated to the claims in his Complaint and the only named defendant in the case was not employed by the prison anymore. (*Id.* at 9-10.)  The screening order also stayed the case for 90 days and noted that "until the Court lifts the stay, no other pleadings or papers may be filed in this case, and the parties may not engage in any discovery, nor are the parties required to respond to any paper filed in violation of the stay unless specifically ordered by the court to do so." (*Id.* at 11.) Despite the stay, Plaintiff filed an emergency motion for Defendants to respond to his motion for preliminary injunction (ECF No. 8), an emergency motion about his missing complaint (ECF No. 9), two motions to supplement (ECF Nos. 10, 11), and a motion to correct (ECF No. 14).

        **A.     Motion Related to Injunctive Relief (ECF No. 8)**

The Court denies Plaintiff's motion to have Defendant respond to his motion for injunctive relief.  (ECF No. 8.) As explained above, the Court denied Plaintiff's motion for

injunctive relief without prejudice and, thus, there is nothing for Defendant to respond to.

### B. Motions Related to Missing Court Documents (ECF Nos. 9, 10, 11, 14)

In the remaining motions, Plaintiff notes that, although the screening order directed the Clerk's Office to send him a courtesy copy of his Complaint, Plaintiff never received a copy of the Complaint from the law library. (ECF No. 9.) Plaintiff asserts that prison officials conspired to withhold privileged legal documents from him because he received his Complaint 48 hours after filing a kite and believes prison officials read the screening order and Complaint. (ECF Nos. 10, 11.) In his final motion, Plaintiff moves to correct his earlier references to ECF No. 8 when he meant to state ECF No. 9. (ECF No. 14).

The Court denies these motions but will send Plaintiff courtesy copies of his screening order and Complaint. The Court notes that Plaintiff may be mistaken about what constitutes legal mail. "Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), *opinion amended on denial of reh'g*, 135 F.3d 1318 (9th Cir. 1998).

## II. CONCLUSION

It is ordered that the emergency motion for Defendants to respond to Plaintiff's motion for preliminary injunction (ECF No. 8) is denied.

It is further ordered that the motions relating to Plaintiff's missing Complaint (ECF Nos. 9, 10, and 11) are denied.

It is further ordered that the motion to correct (ECF No. 14) is denied as moot.

It is further ordered that the Clerk of Court send Plaintiff courtesy copies of the screening order (ECF No. 6) and Complaint (ECF No. 7).

It is further ordered that this case remains stayed and that until the Court lifts the stay, no other pleadings or papers may be filed in this case, and the parties may not engage in any discovery, nor are the parties required to respond to any paper filed in violation of the stay unless specifically ordered by the Court to do so.

///

///

DATED THIS 17th day of January 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE